# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

JOSEPH CHRISTOPHER HOOKER

### JUDGMENT IN A CRIMINAL CASE

CASE NUMBER:   8:09-cr-354-T-30TGW
USM NUMBER:    51132-018

Defendant's Attorney:  Robert Samartin, ret.

THE DEFENDANT:

X_ pleaded guilty to count(s) ONE, TWO, THREE, FOUR and FIVE of the Indictment.
_ pleaded nolo contendere to count(s) which was accepted by the court.
_ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §1341 | Mail Fraud | November 2006 | One |
| 26 U.S.C. §7206(1) | Tax Fraud | November 20, 2004 | Two |
| 26 U.S.C. §7206(1) | Tax Fraud | April 15, 2005 | Three |
| 26 U.S.C. §7206(1) | Tax Fraud | April 15, 2006 | Four |
| 26 U.S.C. §7206(1) | Tax Fraud | October 15, 2007 | Five |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on count(s)
_ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: July 7, 2010

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: July ___8___, 2010

Defendant:    JOSEPH CHRISTOPHER HOOKER

Case No.:    8:09-cr-354-T-30TGW

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FIFTY-SEVEN (57) MONTHS. This term consists of terms of FIFTY-SEVEN (57) MONTHS on Count One of the Indictment and terms of THIRTY-SIX (36) MONTHS on each of Counts Two through Five of the Indictment, all such terms to run concurrently.

_X_ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed in a correctional facility located in Florida. The defendant shall participate in the 500 hour intensive drug treatment program while incarcerated.

__ The defendant is remanded to the custody of the United States Marshal.

__ The defendant shall surrender to the United States Marshal for this district.

      __ at __ a.m./p.m. on __.

      __ as notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

      __ before 2 p.m. on __.

      _X_ as notified by the United States Marshal.

      __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

__ at _____, with a certified copy of this judgment.

_____

United States Marshal

By:_____

Deputy United States Marshal

| | | |
|---|---|---|
| Defendant: | JOSEPH CHRISTOPHER HOOKER | Judgment - Page _3_ of _6_ |
| Case No.: | 8:09-cr-354-T-30TGW | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of a THREE (3) YEAR term as to Count One of the Indictment and a ONE (1) YEAR term as to each of Counts Two through Five of the Indictment, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

__X__    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant: JOSEPH CHRISTOPHER HOOKER | Judgment - Page _4_ of _6_ |
| Case No.: 8:09-cr-354-T-30TGW | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X    The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

X    The defendant shall participate as directed in a program of mental health treatment (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

X    The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

X    The defendant shall provide the probation officer access to any requested financial information.

X    The defendant shall cooperate with the Internal Revenue Service regarding all outstanding taxes, interest, and penalties relating to the offense of conviction.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X    The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court orders random drug testing not to exceed 104 tests per year.

| | | |
|---|---|---|
| Defendant: | JOSEPH CHRISTOPHER HOOKER | Judgment - Page 5 of 6 |
| Case No.: | 8:09-cr-354-T-30TGW | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $500.00 | Waived | $3,297,849.98 |

___ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X___ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Restitution Ordered |
|---|---|
| Roger William Erdelac | $2,478,423.98 |
| Internal Revenue Service<br>IRS-RACS<br>Attn: Mail Stop 6261, Restitution<br>333 W. Pershing Avenue<br>Kansas City, MO 64108<br>Reference: 8:09-cr-354-T-30TGW | $819,426.00 |
| Totals: | $3,297,849.98 |

___ Restitution amount ordered pursuant to plea agreement $ _____.

___ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ___ the interest requirement is waived for the ___ fine ___ restitution.

   ___ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| Defendant: | JOSEPH CHRISTOPHER HOOKER | Judgment - Page _6_ of _6_ |
|---|---|---|
| Case No.: | 8:09-cr-354-T-30TGW | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ _500.00_ due immediately, balance due

     __ not later than _____, or

     __ in accordance __ C, __ D, __ E or __ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution jointly and severally with his co-conspirator Jack Randolph Shaw in the amount of $2,478,423.78 to Mr. Roger William Erdelac. Additionally, the defendant shall pay $819,426 restitution to the Internal Revenue Service. While in the custody of the Bureau of Prisons, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant is ordered to begin making payments of $300 per month. At any time during the course of post-release supervision, the victim, the government , or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

The defendant shall pay restitution jointly and severally with his co-conspirator Jack Randolph Shaw in the amount of $2,478,423.78 to Mr. Roger William Erdelac.

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. The items to be forfeited include, but are not limited to a forfeiture money judgment in the amount of $3,413,570.94, which represents the amount of proceeds the defendant obtained as the result of defrauding Blue Hawaiian Products, Inc. The Forfeiture Money Judgment [Dkt. 33] is made part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES OF AMERICA

v.                                                    CASE NO.   8:09-cr-354-T-30TGW

JOSEPH CHRISTOPHER HOOKER

**FORFEITURE MONEY JUDGMENT**

THIS CAUSE comes before the Court upon the filing of the Motion (Doc. 32) of the United States of America for entry of a Forfeiture Money Judgment in the amount of $3,413,570.94 USD, which, at sentencing, shall be a final order of forfeiture as to defendant Joseph Christopher Hooker's interest in property subject to forfeiture.

The Court, being fully advised in the premises, hereby finds that the government has established that the defendant obtained $3,413,570.94 in proceeds as a result of the mail fraud scheme, in violation of 18 U.S.C. § 1341, for which the defendant has been found guilty in Count One of the Indictment. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that for good cause shown, the motion (Doc. 32) of the United States is GRANTED.

It is further **ORDERED** that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b), Fed. R. Crim. P., defendant

Joseph Christopher Hooker is jointly and severally liable, with defendant Jack Randolph Shaw (*United States v. Jack Randolph Shaw*, Case No. 8:09-cr-297-T-23MAP) to the United States of America for a forfeiture money judgment in the amount of $3,413,570.94 USD.

It is further **ORDERED** that, pursuant to the provisions of 21 U.S.C. § 853(p) and Rule 32.2(e), Fed. R. Crim. P., the United States may seek forfeiture of any of the defendant's property up to the value of the $3,413,570.94 money judgment as substitute assets in satisfaction of this judgment,

The Court retains jurisdiction to enter any orders necessary for the forfeiture and disposition of any substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e), in satisfaction of this money judgment, and to entertain any third party claims that may be asserted in those proceedings.

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2009\09-cr-354.forfeit 32.frm

-2-